## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                   CASE NO. 8:22-cv-1889-SDM-TGW
                                                                    8:15-cr-457-SDM-TGW
JAMAL SMITH

_____/

## **ORDER**

Smith moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for possession of a firearm by a convicted felon, for which he is imprisoned for 210 months. Both the conviction and the sentence accord with the plea agreement. Smith filed no appeal.

The United States moves (Doc. 12) to dismiss the motion to vacate as untimely, and Smith has not opposed. Although under Local Rule 3.01(c), the court may treat a motion as unopposed if a party fails to timely respond to a motion, the failure to oppose a motion to dismiss is not a basis for granting the motion. *See Giummo v. Olsen*, 701 F. App'x 922, 924 & n.2 (11th Cir. 2017)[1] (noting that dismissing a complaint solely because a motion to dismiss is technically unopposed is an abuse of discretion). But a district court may grant an unopposed motion to dismiss after considering the merits of the motion. *See Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 330 (11th Cir. 2020) ("[B]ecause the district court did not grant the

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

motions to dismiss solely based on Moore's failure to file an opposition brief, but rather considered the complaint and the motion documents that were before it, the district court did not abuse its discretion.").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because the judgment was entered and became final in 2017, Smith's one-year deadline was in 2018. Smith filed his motion to vacate in 2022, more than four years late. Consequently, the motion to vacate is untimely under Section 2255(f)(1).

In his motion to dismiss Smith contends that he is timely because of a newly discovered fact. Section 2255(f)(4) affords a one-year limitation from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The limitation begins from the date on which facts supporting the claim "could have been discovered through the exercise of due diligence, not when they were *actually* discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002) (italics original).

Affording the *pro se* motion to vacate a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Smith may believe he is timely based on new precedent. However, because a fact is "[a]n actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation," Black's Law

Dictionary (11th ed. 2019), the discovery of favorable precedent is not a "fact" that supports a limitation under Section 2255(f)(4).  Unless the decision overturns a defendant's prior conviction, *Johnson v. United States*, 544 U.S. 295 (2005), new precedent is not a new fact — as required under Section 2255(f)(4) — that supports the underlying claim.  *Bazemore v. United States*, 595 F. App'x 869, 873 (11th Cir. 2014) ("*Stewart [v. United States*, 646 F.3d 856 (11th Cir. 2011)] is not a new fact for the purposes of timeliness under § 2255(f)(4).  The plain language of the statute refers to 'facts,' and the *Stewart* decision is a legal opinion, not a new fact."); *Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) ("Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").  Consequently, reliance on *Jackson v. United States*, 36 F.4th 1294 (11th Cir. 2022) ("*Jackson I*") (holding that, because the federal firearms offense was committed when ioflupane was no longer a controlled substance under the Controlled Substances Act, the prior Florida drug convictions do not qualify as a "serious drug offense" as defined in the guidelines), is misplaced for two reasons.  First, the intervening development in case law does not create a "new fact" within the meaning of Section 2255(f)(4).  See collection of circuit decisions in *McCloud v. United States*, 987 F.3d 261 n.11 (2nd Cir. 2021).  Second, *Jackson v. United States*, 55 F.3d 846 (11th Cir. 2002) ("*Jackson II*"), both supersedes *Jackson I* and holds that a prior Florida drug conviction qualifies as a "serious drug offense" under the guidelines because ioflupane was a controlled

substance under the Controlled Substances Act when the defendant committed the earlier drug violations, as compared to when the defendant committed the subsequent federal offense.[2]

Smith's motion to vacate is untimely under both Sections 2255(f)(1) and (f)(4), and the motion is premature under Section 2255(f)(1)(3) until the Supreme Court issues a decision in *Jackson III* that is favorable to Smith.

The motion to dismiss (Doc. 12) is **GRANTED**.  The amended motion (Doc. 3) to vacate is **DISMISSED AS TIME-BARRED**.  The clerk must (1) enter a judgment against Smith in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and deny both the initial and the amended motions to vacate (Docs. 52 and 53) that pend in the criminal case.

**DENIAL OF BOTH**
**CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Smith is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of

---

[2] *Jackson II* pends on review under a writ of *certiorari. Jackson v. United States*, 2023 WL 3440568, No. 22-6640 (May 15, 2023) ("*Jackson III* "). Depending on the outcome, Smith might qualify for a new limitation under Section 2255(f)(3), which affords one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

appealability, Smith must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Smith is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Smith must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 26, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE